**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NATIONAL FAMILY PLANNING & REPRODUCTIVE HEALTH ASSOCIATION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., et al.<br><br>Defendants. | No. 1:26-cv-1684-JPW<br><br>(Hon. Jennifer P. Wilson) |

## DEFENDANTS' STATEMENT OF MATERIAL FACTS

Defendants assert that because this case arises under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, it must be decided solely on the Administrative Record that the Defendants filed on July 31, 2026. *See* Dkt 45; *see also SIH Partners LLLP v. Commiss'r of Internal Revenue*, 923 F.3d 296, 302 (3d Cir. 2019); *Raymond Proffitt Found. v. EPA*, 930 F. Supp. 1088, 1102 (E.D. Pa. 1996) (finding that APA cases are decided on the administrative record alone). However, in compliance with Local Rule 56.1 and the Court's scheduling order (Dkt. 44), Defendants hereby submit the following statement of material facts of which there is no genuine issue.

1. Congress enacted Title X of the Public Health Service Act in 1970 to make "comprehensive voluntary family planning services readily available to all persons desiring such services." Pub. L. No. 91-572, § 2(1), 84 Stat. 1504, 1504 (1970).

2. In making grants under Title X, the Secretary of Health and Human Services is to, "take into account the number of patients to be served, the extent to which family planning services are needed locally, the relative need of the applicant, and its capacity to make rapid and effective use of such assistance." 42 U.S.C. § 300(b).

3. Grants may be awarded, "subject to such conditions as the Secretary may determine to be appropriate to assure that such grants will be effectively utilized for the purposes for which made." 42 U.S.C. § 300a-4(b).

4. Title X grants must be made in accordance with any regulations that the Secretary may promulgate. 42 U.S.C. § 300a-4(a).

5. The Title X regulations lay out eight factors that the Secretary may in his discretion consider when awarding grants. 42 CFR §59.7(a).

6. The Secretary may award Title X grants to those "projects which will in the Department's judgment best promote the purposes [of the Title X statute]." *Id.*

7. The Secretary may, "impose additional conditions prior to, at the time of, or during any award, when in the Department's judgment these conditions are

necessary to assure or protect advancement of the approved program, the interests of public health, or the proper use of grant funds." 42 CFR § 59.11.

8. Title X grants are administered by the Office of Population Affairs ("OPA"), within the Office of the Assistant Secretary for Health ("OASH"), within the Department of Health and Human Services ("HHS"). *See*, A.R.071, A.R.077.

9. OPA regularly incorporates priorities and key issues into the Title X program and expects grant applicants to incorporate those priorities into their applications. *See Planned Parenthood of Wisconsin, Inc. v. Azar*, 316 F. Supp. 3d 291, 296 (D.D.C. 2018), vacated and remanded, 942 F.3d 512 (D.C. Cir. 2019) (discussing history of Title X grants).

10. OASH describes priorities and key issues from 2017 through 2020 on its website noting, "[e]ach year the OPA establishes program priorities that represent overarching goals for the Title X program." *See* Office of Population Affairs, Title X Past Program Priorities, U.S. Dep't of Health & Hum. Servs., https://opa.hhs.gov/grant-programs/archive/title-x-program-archive/title-x-past-program-priorities (last accessed Aug. 6, 2026).

11. The current OASH priorities can be found online. *See* Office of the Assistant Secretary for Health, Priorities, Health.gov, https://health.gov/priorities (last visited Aug. 5, 2026).

12. The OASH Priorities statement closes with the instruction that "OASH will implement the above priorities consistent with applicable laws, regulations, court orders, and any required procedures." A.R.137.

13. OPA originally published its Fiscal Year 2027 ("FY27") Notice of Funding Opportunity ("NOFO") on April 3, 2026. *See* "Title X Family Planning Services Grants," Grants.gov, https://simpler.grants.gov/opportunity/770eae58-b245-4431-a4b8-7b1aca9e917f (last accessed Aug. 4, 2026).

14. OPA published a revised FY27 NOFO on July 9, 2026. *Id.*

15. The FY27 NOFO was revised "to update the application due date to January 11, 2027; update the technical assistance webinar date to November 9, 2026; update the eligibility and merit review description; update the agency priorities; and update the CFR references and information on [the Federal Awardee Performance and Integrity Information System]." Grants.gov, Search Results Detail: PA-FPH-27-001 Title X Family Planning Services Grants, https://www.grants.gov/search-results-detail/361754 (last visited Aug. 5, 2026).

16. All HHS agencies, including OASH, received guidance from the HHS Office of Grants regarding incorporation of agency priorities in NOFOs. *See, generally*, A.R.147, *et seq.*

17. The Office of Grants Guidance was originally transmitted on February 20, 2026. A.R.173. This guidance was incorporated into the April 3, 2026 FY27 NOFO.

18. The Office of Grants issued revised guidance on April 3, 2026, and that guidance was incorporated into the revised FY27 NOFO published on July 9, 2026. A.R.147.

19. The FY27 NOFO states that recipients must align program design "where consistent with program authority and the scope of the award . . . and when authorized by law according to the Title X statute, regulations, legislative mandates, and additional program guidance." A.R.077

20. The FY27 NOFO Summary and Background sections states: "[a]ll activities funded under this announcement must be in compliance with the requirements of the Title X statute, legislative mandates, and regulations." A.R.073; A.R.078.

21. The NOFO instructs applicants, "[i]n addition to the statute, regulations, legislative mandates, and additional program guidance that apply to Title X, Title X grantees should align their programs with OPA priorities to the extent authorized by law and within the scope of the program." A.R.080

22. When discussing additional program guidance, the NOFO includes the language, "[t]o the extent permitted by applicable law, including any applicable

court orders, we expect recipients to demonstrate how their Title X projects promote physical and reproductive health priorities established by HHS." A.R.083

23. The NOFO also states, "[t]o the extent permitted by applicable law, OASH will prioritize programs and funding that uphold Hyde protections and do not use taxpayer resources to promote or support elective abortion." A.R.084.

24. Once an application is submitted and eligibility is established, "Federal staff and an independent merit review panel will assess all qualified eligible applications according to…[the listed] criteria." A.R.109.

25. Applications are scored on a 100-point scale across four categories some containing sub-categories: proposed service area and demonstrated need (25 points), plan to deliver services in compliance with statute/regulations/mandates and alignment with OPA priorities (50 points, with 35 of those points tied to advancing OPA's program priorities), project management and capability (20 points), and budget (5 points, based on non-federal resource availability). A.R.109–110.

26. There is no statutory or regulatory requirement for how OPA should assign merit-review points. *Cf.* 42 U.S.C. § 300, *et seq.*, 42 CFR Part 59, Subpart A.

27. Following merit review by an independent panel, OPA "will coordinate with a senior appointee to provide recommendations for funding to the Grants Management Officer." A.R.111.

28. In making these recommendations, the agency will take into consideration, "[a]lignment with HHS and OASH priorities, where authorized by law and within the scope of the program." A.R.111.

29. The decision to recommend grant funds be awarded ultimately rests with the "senior appointee," and a high score with the independent review panel is not dispositive. *Id.*; *see also Planned Parenthood of Wisconsin, Inc. v. Azar*, 316 F. Supp. 3d at 295.

30. As of August 6, 2026, Plaintiffs have not submitted any questions to the program concerning the FY27 NOFO at issue.

Respectfully submitted,

August 6, 2026

BRIAN D. MILLER

United States Attorney

s/ Timothy S. Judge
TIMOTHY S. JUDGE
Deputy Chief, Civil Division
PA Bar No. 203821
William J. Nealon Federal Building
U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18507
Tel: (570) 348-2827
timothy.s.judge@usdoj.gov

*Counsel for Defendants*

**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NATIONAL FAMILY PLANNING & REPRODUCTIVE HEALTH ASSOCIATION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., et al.<br><br>Defendants. | No. 1:26-cv-1684-JPW<br><br>(Hon. Jennifer P. Wilson) |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2026, I caused the foregoing Defendants' Statement of Material Facts in Support of Defendants' Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment, together with this Certificate of Compliance and Certificate of Service, to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, each of whom is a registered CM/ECF participant. Service on any party who is not a registered CM/ECF participant has been made by first-class mail, postage prepaid, addressed to that party's last known address.

August 6, 2026

*/s/ Timothy S. Judge*
TIMOTHY S. JUDGE
Deputy Chief, Civil Division