**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NATIONAL FAMILY PLANNING & REPRODUCTIVE HEALTH ASSOCIATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., *et al.*,<br><br>Defendants. | No. 1:26-cv-1684-JPW<br><br>(Hon. Jennifer P. Wilson) |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS

Pursuant to Local Rule 56.1, Plaintiffs hereby submit this Response to Defendants' Statement of Material Facts (Doc. 52).

**Defendants' Statement No. 1:**

Congress enacted Title X of the Public Health Service Act in 1970 to make "comprehensive voluntary family planning services readily available to all persons desiring such services." Pub. L. No. 91-572, § 2(1), 84 Stat. 1504, 1504 (1970).

**Plaintiffs' Response to Defendants' Statement No. 1:**

Not disputed, to the extent that the quotation is consistent with the cited statutory provision, which speaks for itself.

**Defendants' Statement No. 2:**

In making grants under Title X, the Secretary of Health and Human Services is to, "take into account the number of patients to be served, the extent to which family planning services are needed locally, the relative need of the applicant, and its capacity to make rapid and effective use of such assistance." 42 U.S.C. § 300(b).

**Plaintiffs' Response to Defendants' Statement No. 2:**

Not disputed, to the extent that the quotation is consistent with the cited statutory provision, which speaks for itself.

**Defendants' Statement No. 3:**

Grants may be awarded, "subject to such conditions as the Secretary may determine to be appropriate to assure that such grants will be effectively utilized for the purposes for which made." 42 U.S.C. § 300a-4(b).

**Plaintiffs' Response to Defendants' Statement No. 3:**

Not disputed, to the extent that the quotation is consistent with the cited statutory provision, which speaks for itself.

**Defendants' Statement No. 4:**

Title X grants must be made in accordance with any regulations that the Secretary may promulgate. 42 U.S.C. § 300a-4(a).

**Plaintiffs' Response to Defendants' Statement No. 4:**

Not disputed, to the extent that Defendants' characterization is consistent with the cited statutory provision, which speaks for itself.

**Defendants' Statement No. 5:**

The Title X regulations lay out eight factors that the Secretary may in his discretion consider when awarding grants. 42 CFR §59.7(a).

**Plaintiffs' Response to Defendants' Statement No. 5:**

Plaintiffs dispute this statement to the extent that Defendants' characterization of 42 C.F.R. § 59.7(a) is inaccurate, incomplete, and potentially misleading. 42 C.F.R. § 59.7(a) speaks for itself and states, in relevant part, that "the Secretary *may award grants* for the establishment and operation of those projects which will in the Department's judgment best promote the purposes of section 1001 of the Act, *taking into account*" the eight enumerated factors. 42 C.F.R. § 59.7(a) (emphases added).

**Defendants' Statement No. 6:**

The Secretary may award Title X grants to those "projects which will in the Department's judgment best promote the purposes [of the Title X statute]." *Id.*

**Plaintiffs' Response to Defendants' Statement No. 6:**

Plaintiffs object to this statement on the grounds that it is not material. Without waiving this objection, Plaintiffs dispute this statement to the extent that Defendants' characterization of 42 C.F.R. § 59.7(a) is incomplete and potentially misleading. 42

C.F.R. § 59.7(a) speaks for itself and states, in relevant part, that "the Secretary may award grants for the establishment and operation of those projects which will in the Department's judgment best promote the purposes of section 1001 of the Act, *taking into account*" the eight enumerated factors. 42 C.F.R. § 59.7(a) (emphasis added).

**Defendants' Statement No. 7:**

The Secretary may, "impose additional conditions prior to, at the time of, or during any award, when in the Department's judgment these conditions are necessary to assure or protect advancement of the approved program, the interests of public health, or the proper use of grant funds." 42 CFR § 59.11.

**Plaintiffs' Response to Defendants' Statement No. 7:**

Plaintiffs object to this statement on the grounds that it is not material. Without waiving this objection, Plaintiffs do not dispute Defendants' quotation to the extent that it is consistent with the regulations, which speak for themselves.

**Defendants' Statement No. 8:**

Title X grants are administered by the Office of Population Affairs ("OPA"), within the Office of the Assistant Secretary for Health ("OASH"), within the Department of Health and Human Services ("HHS"). *See*, A.R.071, A.R.077.

**Plaintiffs' Response to Defendants' Statement No. 8:**

Not disputed, to the extent that this statement is consistent with the administrative record, which speaks for itself.

**Defendants' Statement No. 9:**

OPA regularly incorporates priorities and key issues into the Title X program and expects grant applicants to incorporate those priorities into their applications. *See Planned Parenthood of Wisconsin, Inc. v. Azar*, 316 F. Supp. 3d 291, 296 (D.D.C. 2018), vacated and remanded, 942 F.3d 512 (D.C. Cir. 2019) (discussing history of Title X grants).

**Plaintiffs' Response to Defendants' Statement No. 9:**

Plaintiffs object to this statement on the grounds that it is not material. Plaintiffs further object that this statement is argumentative and is not supported by admissible evidence. *See* Fed. R. Civ. P. 56(c); *Niblett v. eXp Realty, LLC*, No. 1:21-CV-01345, 2026 WL 800961, at *7 (M.D. Pa. Mar. 23, 2026) (Wilson, J.) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by [ ] citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." (quoting Fed. R. Civ. P. 56(c)(1)(A)–(B))). Without waiving these objections, Plaintiffs do not dispute that "[i]n addition to the decision-making criteria for Title X services grants, competitive NOFOs for Title X have often included a number of 'program priorities' and/or 'key issues' that articulate HHS's or OPA's topical concerns in a particular year," but note that these have "traditionally functioned as 'add on' ideas or matters of emphasis to

be considered by the applicant and to serve as goals for further project development." Decl. of Clare M. Coleman in Supp. of Pls.' Mot. for Summ. J. or Prelim. Inj. ¶ 47 (Doc. 40-5).

**Defendants' Statement No. 10:**

OASH describes priorities and key issues from 2017 through 2020 on its website noting, "[e]ach year the OPA establishes program priorities that represent overarching goals for the Title X program." *See* Office of Population Affairs, Title X Past Program Priorities, U.S. Dep't of Health & Hum. Servs., https://opa.hhs.gov/grant-programs/archive/title-x-program-archive/title-x-past-program-priorities (last accessed Aug. 6, 2026).

**Plaintiffs' Response to Defendants' Statement No. 10:**

Plaintiffs object to this statement on the grounds that it is not material. Without waiving this objection, Plaintiffs do not dispute Defendants' quotation to the extent that it is consistent with the cited OPA website, which speaks for itself. [1]

[1] Plaintiffs note that the linked OPA website was not included in the administrative record; however, Plaintiffs do not object to Defendants' reliance on the document for the reasons provided in Plaintiffs' Opposition to Defendants' Motion to Dismiss and Cross-Motion for Summary Judgment and Reply in Support of their Motion for Summary Judgment ("Pls.' Opp."), filed herewith. *See* Pls.' Opp. 4 (citing *La. Forestry Ass'n, Inc. v. Solis*, 889 F. Supp. 2d 711, 720 n.7 (E.D. Pa. 2012)).

**Defendants' Statement No. 11:**

The current OASH priorities can be found online. *See* Office of the Assistant Secretary for Health, Priorities, Health.gov, https://health.gov/priorities (last visited Aug. 5, 2026).

**Plaintiffs' Response to Defendants' Statement No. 11:**

Not disputed, to the extent that this statement is consistent with the cited OASH website (A.R. 134–137), which speaks for itself.

**Defendants' Statement No. 12:**

The OASH Priorities statement closes with the instruction that "OASH will implement the above priorities consistent with applicable laws, regulations, court orders, and any required procedures." A.R.137.

**Plaintiffs' Response to Defendants' Statement No. 12:**

Not disputed, to the extent that this statement is consistent with the administrative record, which speaks for itself.

**Defendants' Statement No. 13:**

OPA originally published its Fiscal Year 2027 ("FY27") Notice of Funding Opportunity ("NOFO") on April 3, 2026. *See* "Title X Family Planning Services Grants," Grants.gov, https://simpler.grants.gov/opportunity/770eae58-b245-4431-a4b8-7b1aca9e917f (last accessed Aug. 4, 2026).

**Plaintiffs' Response to Defendants' Statement No. 13:**

Not disputed, to the extent that this statement is consistent with the administrative record (A.R. 001–067), which speaks for itself.

**Defendants' Statement No. 14:**

OPA published a revised FY27 NOFO on July 9, 2026. *Id.*

**Plaintiffs' Response to Defendants' Statement No. 14:**

Not disputed, to the extent that this statement is consistent with the administrative record (A.R. 068–133), which speaks for itself.

**Defendants' Statement No. 15:**

The FY27 NOFO was revised "to update the application due date to January 11, 2027; update the technical assistance webinar date to November 9, 2026; update the eligibility and merit review description; update the agency priorities; and update the CFR references and information on [the Federal Awardee Performance and Integrity Information System]." Grants.gov, Search Results Detail: PA-FPH-27-001 Title X Family Planning Services Grants, https://www.grants.gov/search-results-detail/361754 (last visited Aug. 5, 2026).

**Plaintiffs' Response to Defendants' Statement No. 15:**

Plaintiffs object to this statement on the grounds that it is not material. Without waiving this objection, Plaintiffs dispute this statement to the extent that it is incomplete and potentially misleading, as it does not explicitly reference the

Agency's removal of the "Alignment Review" in the revised NOFO, under which a "senior appointee or appointee's designee" would "assess alignment with: HHS, OASH, and OPA priorities," and relay a final, non-appealable determination of eligibility based on that review, *see* A.R. 041, and does not exhaustively detail all other textual revisions made to the April 3 NOFO. Otherwise, Plaintiffs do not dispute that the Agency revised the April 3 NOFO into the operative July 9 NOFO in the manner reflected in the administrative record, which speaks for itself. *See* A.R. 001–067 (April 3 NOFO); *id.* at 068–133 (July 9 NOFO).

**Defendants' Statement No. 16:**

All HHS agencies, including OASH, received guidance from the HHS Office of Grants regarding incorporation of agency priorities in NOFOs. *See, generally*, A.R.147, *et seq.*

**Plaintiffs' Response to Defendants' Statement No. 16:**

Plaintiffs object to this statement on the grounds that it is not material. Without waiving this objection, Plaintiffs do not dispute the contents of the administrative record, which speaks for itself.

**Defendants' Statement No. 17:**

The Office of Grants Guidance was originally transmitted on February 20, 2026. A.R.173. This guidance was incorporated into the April 3, 2026 FY27 NOFO.

**Plaintiffs' Response to Defendants' Statement No. 17:**

Plaintiffs object to this statement on the grounds that it is not material. Plaintiffs further object that the second sentence of this statement is argumentative and not supported by admissible evidence. *See* Fed. R. Civ. P. 56(c); *Niblett*, No. 1:21-CV-01345, 2026 WL 800961, at *7. Without waiving these objections, Plaintiffs do not dispute the contents of the administrative record, which speaks for itself.

**Defendants' Statement No. 18:**

The Office of Grants issued revised guidance on April 3, 2026, and that guidance was incorporated into the revised FY27 NOFO published on July 9, 2026. A.R.147.

**Plaintiffs' Response to Defendants' Statement No. 18:**

Plaintiffs object to this statement on the grounds that it is not material. Plaintiffs further object that the second clause of this statement is argumentative and not supported by admissible evidence. *See* Fed. R. Civ. P. 56(c); *Niblett*, No. 1:21-CV-01345, 2026 WL 800961, at *7. Without waiving these objections, Plaintiffs do not dispute the contents of the administrative record, which speaks for itself.

**Defendants' Statement No. 19:**

The FY27 NOFO states that recipients must align program design "where consistent with program authority and the scope of the award . . . and when

authorized by law according to the Title X statute, regulations, legislative mandates, and additional program guidance." A.R. 077.

**Plaintiffs' Response to Defendants' Statement No. 19:**

Plaintiffs dispute this statement to the extent that it is incomplete and potentially misleading. The selectively quoted language excludes the NOFO's requirement that recipients "must align program design and activities *with agency priorities* where consistent . . . ." *See* A.R. 077 (emphasis added). Moreover, the statement selectively quotes portions of the NOFO containing savings clause language, without noting places in the NOFO where such language is notably absent. *See, e.g.*, A.R. 110 (setting forth Merit Review criterion as "the extent to which the applicant proposes strategies that meaningfully advance OPA's program priorities as discussed in Section C(a)(4)(i), 'Address OPA Program Priorities' and HHS priorities" without savings clause language). The statement also fails to acknowledge the NOFO's requirement to align with Agency Priorities that directly conflict with the Title X regulations. *See, e.g.*, A.R. 110–111, 134–135, 143–144. Otherwise, Plaintiffs do not dispute the contents of the administrative record, which speaks for itself.

**Defendants' Statement No. 20:**

The FY27 NOFO Summary and Background sections states: "[a]ll activities funded under this announcement must be in compliance with the requirements of the Title X statute, legislative mandates, and regulations." A.R.073; A.R.078.

**Plaintiffs' Response to Defendants' Statement No. 20:**

Plaintiffs dispute this statement to the extent that the language cited on A.R. 078 appears under the "Expectations for Recipients" subsection of Section C, "Program Description," as opposed to under the "Background" subsection. *See* A.R. 078. Otherwise, Plaintiffs do not dispute the contents of the administrative record, which speaks for itself.

**Defendants' Statement No. 21:**

The NOFO instructs applicants, "[i]n addition to the statute, regulations, legislative mandates, and additional program guidance that apply to Title X, Title X grantees should align their programs with OPA priorities to the extent authorized by law and within the scope of the program." A.R. 080.

**Plaintiffs' Response to Defendants' Statement No. 21:**

Plaintiffs dispute this statement to the extent that it is incomplete and potentially misleading, as it selectively quotes portions of the NOFO containing savings clause language, without noting places in the NOFO where such language is notably absent, *see, e.g.*, A.R. 110, and fails to acknowledge the NOFO's

requirement to align with Agency Priorities that directly conflict with the Title X regulations, *see, e.g.*, A.R. 110–111, 134–135, 143–144. Otherwise, Plaintiffs do not dispute the contents of the administrative record, which speaks for itself.

**Defendants' Statement No. 22:**

When discussing additional program guidance, the NOFO includes the language, "[t]o the extent permitted by applicable law, including any applicable court orders, we expect recipients to demonstrate how their Title X projects promote physical and reproductive health priorities established by HHS." A.R.083.

**Plaintiffs' Response to Defendants' Statement No. 22:**

Plaintiffs dispute this statement to the extent that it is incomplete and potentially misleading, as it appears underneath *one* OPA priority—"Promoting evidence-based care through the delivery of Title X services"—and thus cannot be taken to apply to or cabin other provisions of the NOFO that require alignment with Agency Priorities. *See, e.g.*, A.R. 110–111. Moreover, the statement selectively quotes portions of the NOFO containing savings clause language, without noting places in the NOFO where such language is notably absent. *See, e.g.*, A.R. 110. Otherwise, Plaintiffs do not dispute the contents of the administrative record, which speaks for itself.

**Defendants' Statement No. 23:**

The NOFO also states, "[t]o the extent permitted by applicable law, OASH will prioritize programs and funding that uphold Hyde protections and do not use taxpayer resources to promote or support elective abortion." A.R. 084.

**Plaintiffs' Response to Defendants' Statement No. 23:**

Plaintiffs object to this statement on the grounds that it is not material. Without waiving this objection, Plaintiffs dispute this statement to the extent that it is incomplete and potentially misleading, as it selectively quotes portions of the NOFO's description of OPA's "Enforcing the Hyde Amendment through the delivery of Title X services" priority while excluding others, including the portion wherein the Agency states that it "expect[s] recipients to demonstrate how their Title X projects maintain strict separation from prohibited activities and contribute to broader HHS efforts to safeguard life-affirming, lawful, and ethical program delivery." A.R. 084. Moreover, the statement selectively quotes portions of NOFO containing savings clause language, without noting places in the NOFO where such language is notably absent. *See, e.g.*, A.R. 110. Otherwise, Plaintiffs do not dispute the contents of the administrative record, which speaks for itself.

**Defendants' Statement No. 24:**

Once an application is submitted and eligibility is established, "Federal staff and an independent merit review panel will assess all qualified eligible applications according to…[the listed] criteria." A.R.109.

**Plaintiffs' Response to Defendants' Statement No. 24:**

Not disputed, to the extent that this statement is consistent with the administrative record, which speaks for itself.

**Defendants' Statement No. 25:**

Applications are scored on a 100-point scale across four categories some containing sub-categories: proposed service area and demonstrated need (25 points), plan to deliver services in compliance with statute/regulations/mandates and alignment with OPA priorities (50 points, with 35 of those points tied to advancing OPA's program priorities), project management and capability (20 points), and budget (5 points, based on non-federal resource availability). A.R.109–110.

**Plaintiffs' Response to Defendants' Statement No. 25:**

Plaintiffs dispute this statement to the extent that it is inaccurate, incomplete, and potentially misleading, as it fails to acknowledge that the 35 points are awarded based on "[t]he extent to which the applicant proposes strategies that meaningfully advance OPA's program priorities . . . *and HHS priorities*," A.R. 110 (emphasis added), instead incorrectly indicating that such points are "tied" only to advancing

*OPA* priorities. Moreover, in attempting to summarize the Merit Review criterion, the statement excludes relevant details about each criterion, including, but not limited to, the instruction under the "proposed service area and demonstrated need" sub-category that "applicants that will not provide all services directly" will also have their applications assessed for "the extent to which the applicant has described a rigorous and transparent process and criteria for selecting, monitoring, and overseeing qualified subrecipients to ensure alignment with Title X activities *and agency priorities*." A.R. 109 (emphasis added). Otherwise, Plaintiffs do not dispute the contents of the administrative record, which speaks for itself.

**Defendants' Statement No. 26:**

There is no statutory or regulatory requirement for how OPA should assign merit-review points. *Cf.* 42 U.S.C. § 300, *et seq.*, 42 CFR Part 59, Subpart A.

**Plaintiffs' Response to Defendants' Statement No. 26:**

Plaintiffs object to this statement on the grounds that it is not material and is argumentative. Without waiving these objections, Plaintiffs do not dispute the contents of the cited statute and regulations, which speak for themselves.

**Defendants' Statement No. 27:**

Following merit review by an independent panel, OPA "will coordinate with a senior appointee to provide recommendations for funding to the Grants Management Officer." A.R.111.

**Plaintiffs' Response to Defendants' Statement No. 27:**

Not disputed, to the extent that this statement is consistent with the administrative record, which speaks for itself.

**Defendants' Statement No. 28:**

In making these recommendations, the agency will take into consideration, "[a]lignment with HHS and OASH priorities, where authorized by law and within the scope of the program." A.R.111.

**Plaintiffs' Response to Defendants' Statement No. 28:**

Plaintiffs dispute this statement to the extent that it is incomplete and potentially misleading, as it selectively quotes portions of the NOFO containing savings clause language, without noting places in the NOFO where such language is notably absent. *See, e.g.*, A.R. 110. Otherwise, Plaintiffs do not dispute the contents of the administrative record, which speaks for itself.

**Defendants' Statement No. 29:**

The decision to recommend grant funds be awarded ultimately rests with the "senior appointee," and a high score with the independent review panel is not dispositive. *Id.*; *see also Planned Parenthood of Wisconsin, Inc. v. Azar*, 316 F. Supp. 3d at 295.

**Plaintiffs' Response to Defendants' Statement No. 29:**

Plaintiffs object to this statement on the grounds that it is not material, is argumentative, and is not supported by admissible evidence. *See* Fed. R. Civ. P. 56(c); *Niblett*, No. 1:21-CV-01345, 2026 WL 800961, at *7. Without waiving these objections, Plaintiffs do not dispute that the NOFO states that "No award decision is final until a Notice of Award is issued by the Grants Management Officer, in coordination with a senior appointee or appointee's designee, consistent with the Executive Order on 'Improving Oversight of Federal Grantmaking.'" A.R. 111. Otherwise, Plaintiffs do not dispute the contents of the administrative record, which speaks for itself.

**Defendants' Statement No. 30:**

As of August 6, 2026, Plaintiffs have not submitted any questions to the program concerning the FY27 NOFO at issue.

**Plaintiffs' Response to Defendants' Statement No. 30:**

Plaintiffs object to this statement on the grounds that it is not material, is argumentative, and is not supported by admissible evidence. *See* Fed. R. Civ. P. 56(c); *Niblett*, No. 1:21-CV-01345, 2026 WL 800961, at *7. Further, Plaintiffs dispute this statement to the extent that it is incomplete and misleading, as it neglects to acknowledge the NOFO's instruction that, "[o]ut of fairness to all applicants, [the

Agency] do[es] not provide one-on-one consultation on the specific content development for any applications." A.R. 105.

August 20, 2026

Respectfully submitted,

*/s/ Meagan Burrows*

Meagan Burrows*
NY Bar # 5341094
Brigitte Amiri*
NY Bar # 3017167
Ryan Mendias*
NY Bar # 5742242
Chelsea Tejada*
NY Bar # 5845300
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2500
mburrows@aclu.org
bamiri@aclu.org
rmendias@aclu.org
ctejada@aclu.org

Sara J. Rose
Pa. Bar # 204936
Witold J. Walczak
Pa. Bar # 62976
American Civil Liberties Union of Pennsylvania
P.O. Box 23058
Pittsburgh, PA 15222
Tel: (412) 681-7736
srose@aclupa.org
vwalczak@aclupa.org

*Attorneys for Plaintiffs*

Robin Summers*

D.C. Bar No. 219473
National Family Planning & Reproductive
Health Association
1025 Vermont Ave. NW, Suite 800
Washington, D.C. 20005
T: (202) 293-3114
rsummers@nfprha.org

*Attorney for Plaintiff NFPRHA*

**Special admission approved*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2026, I filed the foregoing Plaintiffs' Response to Defendants' Statement of Undisputed Facts electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means.

*/s/ Meagan Burrows*
Meagan Burrows